UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**KRISTIN TIEDE, AN INDIVIDUAL;**

  *Plaintiff*,

v.     Case No. 5:23-CV-00907-JKP

**SUNBEAM PRODUCTS INC., A
FLORIDA CORPORATION;**

  *Defendant*.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Sunbeam Products, Inc.'s ("Sunbeam") Motion for Summary Judgment. *ECF No. 39*. Plaintiff Kristin Tiede filed a Response, to which Sunbeam filed a Reply. *ECF Nos. 40, 42*. After due consideration of the parties' briefings, the summary judgment evidence, and the applicable law, the Court GRANTS Sunbeam's Motion for Summary Judgment. *ECF No. 39*.

## BACKGROUND

This case arises out of alleged burns Plaintiff Kristin Tiede ("Tiede") suffered while using a Sunbeam King Size Heating Pad with Model Number 764-690-000 (the "Heating Pad") manufactured by Defendant Sunbeam Products, Inc. ("Sunbeam"). *ECF No. 16*. The facts, taken from Tiede's First Amended Complaint and in the light most favorable to Tiede, are as follows.

On June 30, 2021,[1] Tiede used the Heating Pad for the time after experiencing leg swelling. *ECF No. 16 at 2*. The Heating Pad unexpectedly overheated and Tiede sustained "third-degree burns to her lower extremities." *Id*. The burns "ultimately required [an] allograft skin

---

[1] Tiede's First Amended Complaint states "June 30, 2023," but Tiede's deposition testimony confirms this is incorrect. *Compare ECF No. 16 at 2 with ECF No. 40-2 at 4*.

graft." *Id*.

Following these events, Tiede filed suit. *ECF No. 1*. In Tiede's First Amended Complaint, Tiede asserts design defect and negligence causes of action against Sunbeam.[2] *See ECF No. 16; see also ECF No. 40 at 9*.

## LEGAL STANDARD

Summary judgment is appropriate if the record shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Rodriguez v. Pacificare, Inc.*, 980 F.2d 1014, 1019 (5th Cir. 1993).[3] "A fact is material only if its resolution would affect the outcome of the action." *Wiley v. State Farm Fire & Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009). A genuine dispute for trial exists if the record taken as a whole could lead a reasonable trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 355 (5th Cir. 2010). Because there must be a genuine dispute of material fact, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).

The moving party bears the initial burden of informing the court of the basis for the motion and of identifying those portions of the record which demonstrate the absence of a genuine

---

[2] In Tiede's Response, (*ECF No. 40*), to Sunbeam's Motion for Summary Judgment, (*ECF No. 39*), Tiede reports:

> Based on the existing record, Plaintiff concedes her manufacturing defect claims and her claims for breach of an implied warranty of fitness for a particular purpose, breach of an implied warranty of merchantability, manufacturing defect claims, and failure-to-warn defect claims. Plaintiff respectfully asks that her design defect claims, and negligence claims remain intact.

*ECF No. 40 at 9*. The Court's analysis therefore addresses arguments in the parties' briefings related to Tiede's design defect and negligence causes of action only.

[3] Although 2010 amendments replaced "issue" with "dispute," the summary judgment standard "remains unchanged." Fed. R. Civ. P. 56 advisory committee notes (2010 amend.).

dispute of material fact or the appropriateness of judgment as a matter of law." *Celotex,* 477 U.S. at 323; *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 163 (5th Cir. 2006). The movant is not required to negate the elements of the nonmovant's case but may satisfy its summary judgment burden by demonstrating the absence of facts supporting specific elements of the nonmovant's cause(s) of action. *Little v. Liquid Air Corp.*, 37 F. 3d 1069, 1075, 1076 n. 16 (5th Cir. 1994). To satisfy this burden, the moving party must provide affidavits or identify any portion of the pleadings, discovery or admissions that demonstrate the absence of a triable dispute of material fact. *Celotex*, 477 U.S. at 323; *Rodriguez*, 980 F.2d at 1019. "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., LLC v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014).

If the movant carries its initial burden, the burden shifts to the nonmovant to present competent summary judgment evidence showing the existence of a genuine dispute of material fact. *Matsushita*, 475 U.S. at 586–87; *see also* Fed. R. Civ. P. 56(a). Upon the shifting burden, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston, Tex.*, 337 F.3d 539, 541 (5th Cir. 2003). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which this evidence raises a genuine dispute of material fact. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir. 1994)). Further, should the nonmoving party fail "to address or respond to a fact raised by the moving party and supported by evidence, then the court may consider the fact as undisputed" and "[s]uch undisputed facts may form the basis for a summary judgment." *Broadcast Music*, *Inc. v. Bentley*, 5:16-CV-00394, 2017 WL 782932 at *2 (W.D. Tex. Feb. 28, 2017).

In determining the merits of a motion for summary judgment, a court has no duty to search the record for material fact issues or to find a party's ill-cited evidence. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012); *Ragas*, 136 F.3d at 458. In addition, a court may not make credibility determinations or weigh the evidence and must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150 (2000); *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005) (citations omitted).

## ANALYSIS

In its Motion for Summary Judgment, Sunbeam argues Tiede's design defect and negligence causes of action should be dismissed as a matter of law. *ECF No. 39 at 1*.

### I. Tiede's Design Defect Cause of Action

Sunbeam contends Tiede's design defect cause of action fails as a matter of law because Tiede did not produce evidence of a safer alternative design. *ECF No. 39 at 13–15*. In turn, Tiede contends she has shown a safer heating pad is capable of being developed. *ECF No. 40 at 6–7*.

To survive summary judgment on a design defect claim, a plaintiff must show:

(1) that the product was defectively designed to render it unreasonably dangerous; (2) a safer alternative design existed; and (3) the defect was a producing cause of the injury for which the plaintiff seeks recovery.

*Casey v. Toyota Motor Eng'g & Mfg. N. Am., Inc.*, 770 F.3d 322, 330–31 (5th Cir. 2014) (quoting Tex. Civ. Prac. & Rem. Code § 82.005(a). A safer alternative design means:

[A] product design other than the one actually used that in reasonable probability:

(1) would have prevented or significantly reduced the risk of the claimant's [personal injury] without substantially impairing the product's utility; and

> (2) was economically and technologically feasible at the time the product left the control of the manufacturer or seller by the application of existing or reasonably achievable scientific knowledge.

*Id.* (quoting Tex. Civ. Prac. & Rem. Code § 82.005(b). A plaintiff complaining of a defective design has "the burden of demonstrating by a preponderance of the evidence that a safer alternative design existed at the relevant time." *Taylor v. Bergstrom, Inc.*, No. 13-21-00248-CV, 2023 WL 4013708 at *3 (Tex. App.—Corpus Christi–Edinburg 2023, pet. denied) (citing *Honda of Am. Mfg., Inc. v. Norman*, 104 S.W.3d 600, 605 (Tex. App.—Houston [1st Dist.] 2003, pet. denied)). Additionally, the plaintiff must show that the safety benefits from this alternative design are foreseeably greater than the resulting costs. *Id.* (citing *Uniroyal Goodrich Tire Co. v. Martinez*, 977 S.W.2d 328, 337 (Tex. 1998)). "[T]hat is, that the alternative design not only would have reduced the risk of harm in the instant case, but also would not, under other circumstances, impose an equal or greater risk of harm." *Id.* (citing *Norman*, 104 S.W.3d at 605).

As evidence of safer alternative designs, Tiede points to the following portion of Mingxi Zheng's Expert Report:

> In terms of design, three changes could have been reasonably taken to reduce, or eliminate the risk of burn injury that occurred to Ms. Tiede: (1) the maximum temperature could have been significantly lowered to a safer temperature, (2) the automatic shut off timer should shut off after a shorter period of time, and (3) the pad could be better insulated with a thicker cover.

*ECF No. 40-4 at 10*. Mingxi Zheng's Expert Report does not provide any further details about these alternative designs, how these alternative designs would have prevented Tiede's injury, that these alternative designs were economically and technologically feasible at the time the Heating Pad left Sunbeam's control, or that these alternative designs would not impose an equal or greater risk of harm. *See Smith v. Aqua-Flo, Inc.*, 23 S.W.3d 473 (Tex. App.—Houston [1st Dist.] 2000, pet. denied) (requiring separate proof for economic and technological feasibility); *see also*

*Jackson v. Michelin N. Am., Inc.*, No. 07-16-00325-CV, 2018 WL 4323624 (Tex. App.—Amarillo 2018, pet. denied) (finding failure to provide any analysis as to whether a safer alternative design is economically feasible or practically available renders expert's opinion about the reasonableness of the improvement "pure speculation"); *Taylor*, 2023 WL 4013708 at *3.

Furthermore, Tiede presents no evidence of the costs of such alternative designs. Without evidence concerning the costs of incorporating an alternative design, there is no evidence of its economic feasibility. *Norman*, 104 S.W.3d at 607; *Aqua-Flo*, 23 S.W.3d at 606–08. While Tiede need not show the manufacturing costs of alternative designs, Tiede still must present some evidence of economic feasibility. *See Brochtrup v. Mercury Marine*, 426 Fed. App'x. 335 (5th Cir. 2011) (citing *A.O. Smith Corp. v. Settlement Inv. Mgm't.*, No. 2–04–270–cv, 2006 WL 176815, at *3 (Tex. App.—Fort Worth Jan. 26, 2006, no pet.)). Tiede failed to do so here. The Court notes Tiede also failed to present evidence of technological feasibility or that the safety benefits from the alternative designs are foreseeably greater than the resulting costs. Absent more, Mingxi Zheng's general statements are no evidence of a safer alternative design.

Thus, even taking the facts in a light most favorable to Tiede, her design defect cause of action fails as a matter of law because she did not produce evidence of a safer alternative design. *E.g., Flynn v. Am. Honda Motor Co., Inc.*, No. 4:11-CV-03908, 2015 WL 75270 at *4–5 (S.D. Tex. Jan. 6, 2015), *aff'd sub nom. Flynn v. Am. Honda Motor Co.*, 653 Fed. App'x. 820 (5th Cir. 2016).

## II. Tiede's Negligence Cause of Action

Sunbeam next contends Tiede's negligence cause of action fails as a matter of law because it is duplicative of her design defect cause of action. *ECF No. 39 at 15–16*. In turn, Tiede contends these causes of action are separate and distinct. *ECF No. 40 at 8*.

Under Texas law, a negligence claim differs from strict product liability claims. *Metro. Lloyds Ins. Co. of Tex. v. Louisiana-Pac. Corp.*, No. 1:16-CV-00424, 2017 WL 4211025 at *4 (W.D. Tex. Sept. 21, 2017). "While strict liability focuses on the condition of the product, negligence looks at the acts of the manufacturer and determines if it exercised ordinary care in design and production." *Id.* (citing *Am. Tobacco Co., Inc. v. Grinnell*, 951 S.W.2d 420, 437 (Tex. 1997). "Negligent design and manufacturing claims are predicated on the existence of a safer alternative design for the product." *Grinnell*, 951 S.W.2d at 437. "Absent an alternative design, a claim for negligent design or manufacturing fails as a matter of law." *Id*.

In her First Amended Complaint, Tiede alleges:

41. Defendant was negligent in the design, manufacture, advertising, warning, marketing and sale of its heating pads in that, among other things, it:

   a. Failed to use due care in designing and manufacturing the heating pads to avoid the aforementioned risks to individuals;

   b. Placed an unsafe product into the stream of commerce;

   c. Aggressively over-promoted and marketed its heating pads through television, social media, and other advertising outlets; and

   d. Was otherwise careless or negligent[.]

*ECF No. 16 at 7–8*. Tiede focuses her Response exclusively on the negligent design of the heater, however, stating "Sunbeam's conduct in failing to perform a proper risk assessment – choosing instead to warn the user – lead to [Tiede's] injuries." *ECF No. 40 at 8*.

Regardless of whether Tiede proceeds on a negligent design or negligent manufacturing theory, as explained above, Tiede failed to carry her burden of establishing the existence of a safer alternative design.[4] Thus, Tiede's negligence cause of action fails because a safer alterna-

---

[4] *See* Tex. Civ. Prac. & Rem. Code § 82.001(2) ("'Products liability action' means any action against a manufacturer . . . for damages arising out of personal injury . . . whether the action is based in . . . strict products liability [or] negligence [or] combination of theories"); Tex. Civ. Prac. & Rem. Code § 82.005(a)–(a)(1) ("In a products liability ac-

7

tive design is a predicate to her negligence cause of action in this case. *E.g., Oglesby v. Medtronic, Inc.*, No. 5:20-CV-01267, 2023 WL 2558144 at *3 n.4 (W.D. Tex. Jan. 6, 2023), *R.& R. adopted*, No. 5:20-CV-01267, 2023 WL 2711638 (W.D. Tex. Mar. 30, 2023), *aff'd*, No. 23-50274, 2024 WL 1283341 (5th Cir. Mar. 26, 2024); *Metro. Lloyds Ins. Co. of Tex.*, 2017 WL 4211025 at *4.

## CONCLUSION

For the reasons stated above, the Court GRANTS Sunbeam's Motion for Summary Judgment. *ECF No. 39*. Consequently, the Clerk of Court is directed to close this case.

The Court will issue a Final Judgment separately.

It is so ORDERED.
SIGNED this 20th day of May, 2025.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE

---

tion in which a claimant alleges a design defect, the burden is on the claimant to prove by a preponderance of the evidence that . . . there was a safer alternative design"); Tex. Civ. Prac. & Rem. Code § 82.005(b)–(b)(2) ("'[S]afer alternative design' means a product design other than the one actually used that in reasonable probability . . . was economically and technologically feasible at the time the product left the control of the manufacturer . . . by application of existing or reasonably achievable scientific knowledge").